Good morning, Your Honors. Russell Handy representing the appellants in this case, the proposed intervenors. If I may, I'd like to reserve five minutes of my argument time for rebuttal. In this case, we're asking this Court to reverse Judge Rogers' decision when she denied our motion to intervene. We move to intervene. We represent 185 plaintiffs on the intervention motion. We move to intervene in order to appeal Judge Rogers' previous decision to deny the certification of the damages class. As this Court knows, Judge Rogers denied that decision. She found that the motion was untimely and that we didn't make a case that there was an impairment of interest sufficient for the standing under Rule 23 in order to intervene. We're appealing that. We've made our arguments in the briefs that, A, we don't think we were timely. If anything, we might have been premature in our motion to intervene. We think the Court abused her discretion on the issue of timeliness because she applied the wrong legal precedent in focusing on the wrong stage of proceedings, which this Court has repeatedly focused on and the Supreme Court has given opinions on. And so we think there's an abuse of discretion there calling our motion untimely, given the very deep bench of cases that have talked about timing for that particular context. And then with impairment of interest, frankly, that's a de novo review. And here, it's a classic interest that we're seeking to champion, and that is the right to be able to appeal a denial of a class certification once the named representatives, the class reps, are no longer going to do that. This comes up routinely. It's not surprising. And I think there's case law that supports that that is an interest that can be impaired and that this is a proper procedural way to go about it. So we think the judge simply just got it wrong on both counts, and we'd like the Court to reverse her decision. What would, if you're to intervene, you say in your briefs, you're to preserve appellate rights. You're saying if you're allowed to intervene, you would immediately appeal the denial of class cert, or you would try the case to final judgment on the individual's claims. What exactly are you seeking? So we want that right. We want there to be an appellate review of the denial of the damages certification. And so that can't happen until there's a final decision, of course, right? And the class representatives already sought interlocutory appeal. This Court denied it. We have to await a final decision. And we brought the motion to intervene, so we'd be positioned to do that because they announced a settlement where they were waiving the right to do that. They announced that they were not going to appeal that decision. They were not going to go to trial. They were going to settle all their claims. They have a class action settlement. They filed a motion for final approval of that class action settlement. Before that was even heard, we filed a motion to intervene, so that we'd be positioned, once final decision was reached, to be able to appeal that final remaining issue. And in fact, there may not be a final decision. Obviously, the settlement has been put on hold. The Court has said there are fundamental issues of fairness that have been raised. We don't know what will happen. And so it may end up being that the case gets resolved in a different way, and we don't have to appeal that. It may be that the Brown, the representatives will appeal it themselves, depending on how they ultimately resolve this case. But we just want that right to be preserved and not lost, as it would have been if it had been, if the Court had granted final approval on the proposed settlement. But there could be no class settlement. Then I guess you would intervene, you would unravel the settlement, and then try your case individually, get a final judgment, then appeal the class or denial? We're not seeking to unravel the settlement. And that's not part of our, we anticipate that there was going to be a final approval and a dismissal of all claims. We wanted to be able to appeal that one issue, which was the denial of the certification of a damages class. And so we're perfectly, we think they reached a good settlement with respect to injunctive relief. It definitely benefited the class. We have no issues with that. And it's, right now it's on hold. I would imagine, and I don't have any evidence to this, but I would imagine that once the parties found out, they were relinquishing, expressly relinquishing the right to appeal the certification of the damages class. That's an important settlement provision. I would imagine that that may have thrown a wrench into the ultimate agreement to settle. They had hoped no one would take that up. They wanted it to be gone. It was part of the settlement agreement. And we're simply standing up for the class saying, there's going to be tens of millions, according to the Brown, their own language, perhaps tens of millions of people who will never effectively have an opportunity to pursue these claims because without a class action vehicle, it's just not practical and it won't happen. Well, isn't the proper vehicle here just to be your clients to be objectors? Because it seems like you're attacking the fairness of the settlement. Just wait until it goes up to the district court has to approve. But you can go in there and say, hey, these non-named class members are getting a raw deal. We don't think it's fair. Go back to the table. Isn't that, it seems like that's the more proper vehicle rather than this kind of intervention. Well, but we actually don't object to the settlement. Well, you do. The damages that the people aren't, the people who aren't the class reps aren't getting any damages. In the motion for approval and in the settlement agreement itself, they expressly tell the court that the other class members, the unnamed, the putative class members and the damages class are free to go and appeal this themselves. This is what they're telling the court. That's all we want to be able to do. Just follow the dictates of the settlement agreement. They're settling everything. They're settling their individual damages. They're settling the injunctive relief. They're settling the attorney's fees. And they're saying, look, if other class members want to appeal this issue, this is what they told the court in their filings. If they want to appeal this issue, they are free to do so. They are not giving up that right. So we're picking up the ball saying we would like to appeal that issue. It's valuable. It's important to us and to unnamed class members who do not have their damages being litigated. So go ahead with your settlement. That's fine. Let us appeal on this issue. Is there a settlement? I mean, I'm trying to unfold what happens. If you're allowed to intervene, you basically, as Judge Lee points out, what seems to be at issue here is the differential treatment between the class representatives and the absent class members with regard to ability to pursue claims. You're free to pursue claims if we've got a statute of limitations problem. And so can the settlement actually be concluded if, in fact, you're there insisting upon the right to appeal the damages element? That's a practical, like, a negotiation question between parties. Well, yeah, that's what I mean. I mean, you can, it's all well and good for you to say the settlement can go forward, but I don't understand how that actually works. Yeah. So, Your Honor, this happens commonly, that the named plaintiffs settle their case, their issues, and they're done. And someone else intervenes to pick up the ball on other things. And so it's not uncommon. We have plenty of cases where this happens. So there's no legal impediment to it. It can happen. And so that's... Is there a settlement? I mean, do they actually conclude the settlement that they negotiated if, in fact, the term of the settlement, which says there will not be an appeal of the class certification issue with regard to damages, that's no longer the case because you're appealing it? I can't answer that. But what they told the court was that the unnamed class members, other people, were free to pick up this issue and move with it. So according to their representations to the court, they were okay with settling along these lines and allowing other people to appeal this issue. That's what they told the court. Whether that's true, whether seriously there's a practical issue or not, but in their representations, they said, we are not binding the hands of the unnamed class members when it comes to individual damages, and they are not waiving any rights with respect to damages. And so it's... Now, is there a practical effect? I'm sure there is. I don't know what it is. I'm not privy to those conversations. I'm not on that side of the fence. And so I don't know. And I don't think there's anything in the record that will tell us one way or the other. But our position is, we actually liked the settlement. We liked every part of it except for this one thing. And we felt our preference would be for the settlement agreement to go forward as planned. And it wasn't... They didn't move to stop the settlement. They didn't ask the court to freeze because of this proceeding. The court took it upon itself, the trial court, to not move forward to the final approval because of the issues that are being raised here. And so they haven't made any formal statements to the court that they don't want to move forward with their settlement. No one's told us that the settlement's off now because someone's seeking to appeal the denial of the class damages, someone else other than the party to the settlement agreement. And so again, this is a lot of conjecture. But I do think it's important. I think when we go back to the actual motion, which is supposed to be construed liberally, it's supposed to be very permissive to allow people that may have their rights impaired as a practical matter to be intervened. This is seen all the time. We were only asking for that opportunity to discuss that and to be able to be in a position to appeal it if it was truly going to be abandoned. And I just think that the court's reason for denying it, that she was wrong. I think that she misconstrued the law. And I think it should be reversed based on well-established cases. Can you briefly address timeliness? Why did you wait three months after the settlement became public to file your motion to intervene? There was two things going on. First of all, as we informed the court, there was a reference in the motion for approval of the settlement agreement to a tolling agreement. It was not a tolling agreement. No details were given at all. I kind of funnily pointed out that it was on page 48, paragraph 175 of Exhibit 11. But it was just this one little passage in Mark Mao's declaration where we stumbled upon it, because there was no formal notice given to the class. You have to be watching the docket to even know this was going on. So no notice to the class. We saw that there was a tolling agreement. It did not explain what the scope or the terms of those tolling agreement was. We didn't know how much it would affect our clients or not. We sought to get copies of the tolling agreement. We put into the record some of the email exchanges. We were told we could go get it from Google. We were told that it was confidential. It wasn't until we filed our motion to intervene that we finally got a copy of it. And there was also a phone call. So there was some effort to try to find out. It's a big step. It's a big thing to this amazing firm who's done great work and put together a fantastic course of litigation over four years and exposed a wrongdoing in our mind and are protecting people to step in and intervene. It was something we didn't do lightly. We didn't want to do lightly. We wanted to see if that tolling agreement would have allowed us to protect our own clients' interests and be okay. And we were just forced to do it. Is it common for tolling agreements to cover unnamed, absent class members typically? It could, especially if they were going to go out on an advertising campaign and try to pick up other clients for the damages portion of it, because they were going to pursue those damages portions in a different venue. And so we didn't know what it could include. And so we just didn't know. And we want to be able to see what it is and have all the facts. So it was three months. But it was, again, all the Supreme Court has said that the timing for this is after final judgment and before the deadline to appeal. So we felt like we were premature. And we actually felt like we were moving prematurely, but we needed to get a copy of the tolling agreement and we needed to access the documents. And so it's, I don't think there was any undue delay. And remember, the issue of delay, the court has said, this court has said, the issue of delay has to be couched in the context of prejudice. That's the only reason. In the CalVERS decision, it's not supposed to be punitive. Is the delay, does it cause legal prejudice? No prejudice. In that three months, nothing of significance took place. And it was a month before there was even going to be a hearing. The hearing was set for August of 2024 on that final approval. So zero prejudice, very small delay. We had reasons for the delay. And I think we're premature even then. And I'm not sure if this is a... That's total, so you're well into your five minutes. We've taken you there. Okay, thank you. I'll reserve, if that's okay, Your Honor. Thank you. Thank you. Good morning. May it please the court, Stephen Broom from Quinn Emanuel, and I represent Google. Mr. Handy just told the court that we're not seeking to unravel the settlement. But that is what they argued in the proceedings below. And there has been somewhat of what they call a moving target problem in the sense of what exactly the purpose is that they're... The purpose for which they're intervening has been far from clear. In the proceeding below, what they said to the court is that they wanted to get a copy of the tolling agreement so that they could consider their position on the settlement and to potentially prevent a so-called sweetheart deal where the named plaintiffs would get to resolve their claims as an arbitration. But then they got the tolling agreement, and they did not object to the settlement. And I agree with you, Judge Lee, that the proper way to challenge the settlement, if that is indeed what they were trying to do, would be by filing an objection. And they have not done that. And Mr. Handy has said that he does not object to the settlement. But at the hearing below, they shifted their position. They made clear that they were... I'm sorry, at the hearing below, Judge Gonzales-Rogers specifically asked counsel for interveners, are you planning on taking an appeal yourselves? And he said no, because there would be no jurisdiction under the Supreme Court's decisions in Microsoft v. Baker and this Court's unpublished decisions in Bobbitt and Martinez, which came out directly after Microsoft v. Baker. Now on appeal, their position has shifted. In fact, I think it's shifted enough that we would argue that what they are seeking now has not actually been, was not actually raised below and would be relief that they're seeking for the first time on appeal. Now they say in their opening brief that they want to take the appeal themselves. And then on their reply brief, they say, well, maybe we won't actually need an appeal. This is at page three of their reply brief. They say, what we really want is a seat at the table to discuss the interests of the absent class members in the damages claims and the certification issue. Well, again, there is a process for getting that seat at the table when you want to have input on a settlement agreement. And that is by filing an objection, which again they haven't done. So you can't fault the District Court for denying their motion to intervene when what they argued below was we want to challenge this supposed sweetheart deal between the plaintiffs and Google. And she rejected that. They had not moved by the right process. They had not done it timely. They knew in December that we were settling this case. And since it was only a B-2 class certified, they knew it was only going to be a B-2 settlement. Now their position. Sorry. Do they still have time to file an objection or has that time passed? I would say that time has passed, yeah, because we've already had the final approval hearing. Now if what they want to do, as they say in their opening appeal brief, they want to take an immediate appeal of the class certification decision, well, that's impossible, right? The District Court has not resolved a single claim on the merits. We lost at the motion to dismiss stage. We moved to dismiss all claims. We lost. None of those were resolved in the merits. Same at summary judgment. We lost again. None of those claims were resolved in the merits. And then we settled before trial. So there has been no final decision in this case. And if, under Microsoft v. Baker, if the plaintiffs had settled with us and had not, we had, let's assume we had not included this provision about waiving their right to appeal, which I'll explain in a moment is not nearly as nefarious as it sounds. If we had excluded that provision and just had a settlement and a voluntary dismissal with prejudice, there would be no final decision. The plaintiffs certainly could not take an appeal of that decision. This Court would have no jurisdiction. That's clear from Microsoft v. Baker. And nor should the intervenors be able to come along and do what the plaintiffs could not do, right? If the plaintiffs cannot appeal this Court's, sorry, the District Court's class certification decision, the intervenors should not be able to do that either. Otherwise, they would have some privileged status as intervenors that the plaintiffs themselves don't have. So where we are now is that unless the settlement is rejected, and let's say the intervenors are allowed to intervene, they still need to try their claims. And I think, Judge Lee, you're alluding to this in your questions. They still need to try their claims through to a final judgment, right? And that necessarily unwinds the settlement. I mean, the key aspect from Google's perspective is finality. We thought we were settling the case. If they're going to intervene and come and take an appeal of the B-3, we presumably would be entitled to then also appeal the grant of the B-2, which, again, could unwind the settlement if we were to prevail. And then, you know, if you think about this from a practical perspective, what happens if Mr. Handy succeeds in getting this court to reverse the District Court's B-3 denial, right? We would then have to go, we don't have any more plaintiffs, right? They would need to intervene and presumably step into the shoes of the named plaintiffs. We would need discovery. We would need expert discovery on those named plaintiffs. We would have to have another round of summary judgment briefing. And we would probably have to take the case to trial. So from a practical perspective, what they are asking for is not realistic. So you really answered the question posed earlier, which is that if the appeal by, I keep thinking of them as objectors because usually it comes up in that guise, the proposed intervenors, that ends the settlement. That could be redone later, but the existing settlement on the table blows up. That's exactly right, Judge Clifton. Yeah. And I do want to make sure I address a couple of the key cases. Counsel, the one thing I would like you to address, I know you've only got a minute or so, but I'd like to get an answer, is all of this is very, very interesting, but this is not the basis for the District Court's decision. The basis for the District Court's decision was that their motion wasn't timely. Can you tell me why it's not timely? Sure. It was twofold. It was, one, they hadn't established a protectable interest, and two, it was untimely. Yeah, I think the timeliness question turns on what is the purpose for which they're seeking intervention, and this goes to the point I raised earlier. If they were seeking intervention for the purpose they claim now, solely to take the appeal, then I think they are right that, you know, under United Airlines versus McDonald, the time for doing that would be within the 30-day window after the settlement. But, again, that's not allowed anymore, because since United Airlines versus McDonald, the Supreme Court issued its Microsoft decision, and then this Court's, Bobbitt and Martinez decisions, make clear that appeal can't be taken. But if the purpose for which they were seeking intervention was to do what they told the District Court they were trying to do, and I see I'm out of time, if I may just finish my answer, then, which, that was to challenge the settlement. They said they wanted to challenge this supposed sweetheart deal and the release of the appellate rights, and that is an objection to a settlement, and the time for doing that was as soon as they learned that we were settling, because they knew at that point, and that was December, I think December 23rd of 2023, we announced that we had settled. They knew it was a B-2 only class, and I would submit that there is a case that addresses this timeliness issue very directly that we've cited in our papers, and it's this Court's 1986 decision in Orange County v. Air California, and the Court does impose a fairly demanding standard on interveners in that situation. It says as soon as you have any notion that your rights might be affected by a forthcoming settlement, you need to intervene right away and get a seat at the negotiating table so that you can protect whatever rights you want to protect. If you don't do that, and you wait, and then the settlement comes out, and you say, oh, I don't like the settlement, then that's too late, and in this case, we announced the settlement December 23rd, 2023. They did not raise any concerns until five months later. Meanwhile, they spent that time filing their individual actions. Thank you. Thank you, Your Honor. David Boies. Good morning, Your Honor. David Boies. May it please the Court. I'd like the Court to consider four points. First, with respect to Bobbitt and Martinez, those are cases that I respectfully suggest are on all fours with what the Court is presented with today. You had a situation in which you had a class action, a class cert was denied, the case was settled, people came along, tried to intervene for the sole purpose of appealing the denial of class certification, which is what the movements here say that they intend to do, and the Court held twice, first in Bobbitt, then in Martinez, that there was no jurisdiction to do that following the Microsoft case. I don't think that this case is distinguishable from those two decisions. Second, what is happening here is that they're trying to go around the Microsoft case. The Microsoft case holds that if somebody settles and dismisses their case, that's not a final judgment for appeal. What they're trying to do is say, well, if somebody else comes in and tries to intervene, then they can appeal that decision. That would entirely unravel what the Supreme Court did in Microsoft, and that was... Well, not if we take Microsoft to stand for appeal at that time, but if they intervene and further proceedings in the District Court lead to something that's an appealable final judgment, couldn't they appeal then? I think if that had been what they had said to the District Court, that would be an entirely different situation. The third point I'd like the Court to consider is that what the District Court was presented with was 185 people trying to intervene who had already filed cases, which cases were pending at the time, covering the same subject matter. And so the Court held not only timeliness, they held there was not impairment, because they not only could file cases, they had filed cases. This was not a situation in which people were coming in and needed to do something to protect their right to sue. They were already suing, and what the Court was doing was denying intervention into the class action for people who already had cases pending on the same subject matter. The Court was confronted not with a situation in which they said, we want to intervene in order to litigate. The Court was... Well, but what were their prospects in those separate lawsuits? Didn't they face a limitations problem? They may face a limitations problem. They've argued in those cases they do not face a limitations problem. But whether they face a limitations problem or not is not something that depends on whether there's a class action or not. I think the law is pretty clear from the Supreme Court and in this circuit that once a District Court denies class certification, totally resumes, I mean totally ends. And so if they've lost their case, if they've lost their cause of action because of the statute of limitations, they've lost it whether they're in a class action or whether they're filing individual actions. Well, their focus is on the tolling and the fact that the tolling agreement did not, would have extended the tolling period, did not apply to their clients. Now it can fairly be argued that that's the moment at which they needed to speak up and take action. And they didn't and that gets to the timeliness problem that underlies the District Court order. But the reality is that the tolling problem is there and there's some logic in the sense that the only serious relief available to them would be if somehow they could get the tolling period extended to cover them as well. I think that's fair, Your Honor. But I think that is the situation in every case, you know, where people don't bring actions. This was a very public action. Our settlement in December of what was a very public action. At what point did it become more common knowledge that the tolling agreement was limited to the class representatives and that the ability thereafter to pursue a separate damage claim was going to be limited to them? The tolling agreement is not limited to the class representatives. The tolling agreement is entirely separate from the class representatives. The class representatives preserve their action by bringing their case and that case is going to be resolved in arbitration. The tolling agreement relates to other people, other putative class members who are going to bring, have brought suit. That was not something that related to the class representatives. The class representatives... The only distinction for the class representatives has to do with the pursuit of the claims through arbitration? Yes. The class representatives agreed as part of the settlement to pursue arbitration as opposed to continue to... And that was something that was publicly known long before they intervened. Can you address that one again, the tolling agreement? Your friend on the other side said, you know, I didn't know what the tolling agreement said so I waited three months. Can you address that? I assume you think that was unreasonable or can you address that point? I think it's fair that he did not know exactly what the tolling agreement said. I think that that was not a reason that he could delay intervention if he wanted to intervene. What he's saying is he wanted... And this goes back to the fact that he said something different to the district court than what he's saying to this court. Before the district court, he said, I want to intervene because I want to understand the discovery. I want to get access to the discovery. I want to intervene because I don't want the class representatives to give up their claims. Now what he's saying is I want to intervene so that I can have one of my people come in and pick up the cudgel. And what the court said in Microsoft is that you don't have jurisdiction unless you have something that is... The class action has got to be tethered to a claim. Justice Thomas's concurrence, which talks about the Article 3 problem, the majority didn't reach Article 3. They decided it on statutory interpretation of 1291 and Rule 23F. But in the concurrence opinion, they do deal with the Article 3 problem and what they're asking here, and what they were asking the district court in particular, was allow us simply to come in untethered to any claim. They weren't asking the district court to do what they're now asking, what they're now saying they want to do. So what you're presented with is the district court looking at what the district court was being told acted entirely appropriately. I think even they sort of, by changing their... They changed their argument to this court, recognizes that what they were arguing to the district court didn't justify intervention. But that's the basis that the district court made a decision on. I respectfully suggest they can't now come to this court, argue other reasons for intervention, other basis for intervention, and then ask this court to reverse what the district court did based on a very justifiable interpretation of what they were presenting them. I think my time has expired. Great, thank you. Thank you, Your Honor. Thank you, Your Honor. Just a couple points. First of all, it is true that we are... That these clients were suing, but there is a statute of limitations issue. The court actually ruled that we were time barred. That's where we stand today. Did give us permission to amend the complaint to try to do some delayed discovery rule allegations that might save that. But as it stands right now, we're time barred on those other cases. So this is very important to our clients. Second of all, in our motion to intervene, we did argue alternative reasons. We even used that phrase in the headings. Alternatively, we should be allowed to intervene so we could get access to discovery. Alternatively, we should... We put these other things in there. But that doesn't take away the fact that we clearly, and everyone understood, wanted to intervene for that issue of the denial of the class certification. That's why Judge Rogers said, you should have then intervened when I denied it two years ago. I mean, there's no question that that was... This is not a changing position. That's always been our position. Another thing is, he mentioned, Google's counsel mentioned that, oh, we actually informed everyone of the settlement back in December. No, one paragraph, a preliminary notice that they had reached a settlement with not a single term being disclosed. It wasn't until April 1st that they actually filed the actual copy of the settlement agreement, and that's when everyone found out, oh, okay, they're getting rid of all this. They're waiving the right to do this. They're no longer going to appeal the denial of the class certification. So it's just... That's just a faulty timeline. They gave a preliminary notice of one paragraph, say, hey, everyone, we should put off the trial dates because we've settled, and we will file something. And then five months later, they did file something in a motion, and that started all this activity. It is true that the tolling agreement is not just for... It is not for the class representatives. The tolling agreement just protects other Boies Shiller's clients that they've signed up that they're going to pursue damages. It's just for their own clients, none of the rest of the class members. And so that is true that the tolling agreement goes beyond class representatives. It's just their own book of clients that they have. And so it leaves the other ones without any protection and no tolling agreement. I think that's one of the reasons why they said it wasn't relevant. I mean, we've all seen this a lot in terms of objections to the class action terms. And I keep trying to categorize this and mistakenly use the term objectors before. That's how we most often see this. Why don't we see this complaint? Why didn't we see this complaint in that form in this case? Why wasn't there an objection based on the differential treatment? Yeah, that's a good point. And it goes back to something else that was raised. We talked about it being untethered and we'd have to try claims in order to have the right to appeal. Well, that's not true. The same 23B2 class, the injunctive relief class, is identical to the 23B3 class. So all the clients, all the interveners and the people that would want to appeal other than the name representatives, they already had all their issues determined. On the injunctive relief, they're getting full settlement. We like the settlement agreement. We like the remedial things that are going on in the settlement agreement. And it pays the attorneys who did all their work and we don't have a problem with that. If the only thing that's outstanding is that the name, the class representatives, the name plaintiffs are settling their damages claims and only their damages claims, leaving the rest to deal with their damages claims. Well, we don't have to try those in order to see if we can do it in a class vehicle. That's the whole point. We'd like to appeal the denial of class treatment. But what that serves to me to be a objection to the settlement. Because the settlement doesn't survive if you prevail. And I realize I'm taking over time, but settlement just doesn't survive. I never realistically thought it could. It was pretty clear from your colleagues that no, this settlement is gone. It might be redone somehow. But the motivation on the part of the defendant to settle is clearly driven by the terms which they succeeded in negotiating, which do treat differentially Mr. Boies' clients, whether they're class representatives or separately, and absent class members. But that usually comes to us in the form of an objection. And I just have a hard time understanding why that didn't – that was the proper opportunity and we didn't hear that objection. I think that it certainly could have been raised in an objection. I think we were trying to walk a fine line. We didn't want to disrupt the settlement agreement if we could. We wanted to preserve the one thing to be able to appeal. Hearing now, this is the first time they've ever said it publicly or never said it to a court before, oh yeah, the settlement is gone. Well, I kind of figured it out. So I don't think it was a big mystery. And so here we are. Yeah. It's – I don't know if that's true or not. It certainly seems clear in hindsight. But we were trying to walk a delicate line not to disrupt the settlement agreement and all the good work, and saying we want to step in to preserve this one right, which is to appeal the denial of the damages class. And maybe that was – but the question is, if it could be done – if we could have objected and we didn't, but we're also seeking to intervene at this point, which always happens after final approval, is that – is that legally infirm? Are we legally infirm for doing that? I guess that'd be a question before this court. I don't think so. I think the case law is pretty clear. So even though we could have done both perhaps, you know, belt and suspenders, objected and sought to intervene, assuming the objection would not be taken well by the court. But in any event, I think that procedurally, legally, I think we're in good standing to move to intervene in this context. And I don't agree at all – and it's in our briefing with their interpretation of Microsoft v. Baker. That's a unique thing when someone settles or dismisses a case with a reservation of rights to revive it later. It's an end run around 1291 and 23F. It makes a mockery of it. And I think numerous cases which have interpreted Microsoft v. Baker said exactly that, including this court in that unpublished decision from a couple of years ago, which I cited in our briefs. But we don't have any of that here. These are truly separate parties, no reservation of rights. And so I don't think Microsoft v. Baker has overturned all that history of interveners in standing. And I would just submit that. Thank you very much, Your Honors. Thank you. Thank you all for the excellent advocacy. The case is submitted.
judges: CLIFTON, BYBEE, LEE